**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Shawn T. Hamiel dba Double SS Trucking Company<br>　　　　　Debtor(s) | CHAPTER 13 |
| NWL Company, LLC<br>　　　　　Movant<br>　vs. | NO. 21-10935 MDC |
| Shawn T. Hamiel dba Double SS Trucking Company<br>　　　　　Debtor(s) | 11 U.S.C. Section 362 |
| Sandra T. Lightfoot<br>　　　　　Co-Debtor | |
| Kenneth E. West Esq.<br>　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of January 8, 2023, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,551.44.** <u>Post-petition funds received after January 8, 2023, will be applied per the terms of this stipulation as outlined here.</u> The arrearage breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 2022 through January 2023 at $734.55/month |
| Suspense Balance: | ($59.51) |
| **Total Post-Petition Arrears** | **$6,551.44** |

2. Debtor(s) shall cure said arrearages in the following manner;

　a). Debtor shall make an immediate tender payment of **$2,800.00** to Movant following the stipulation being filed.

　b). Remaining of the arrears of **$3,751.44** to be paid beginning on February 2023 and continuing through May 2023 , until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$734.55** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1ˢᵗ) day of each month (with late charges

being assessed after the 15th of the month), plus an installment payment of **$937.86** towards the arrearages on or the 30th or 31st of each month at the address below;

>Fay Servicing, LLC
>PO Box 814609
>Dallas, TX 75381-4609

   c). Maintenance of current monthly mortgage payments to the Movant thereafter.

  3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

  4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

  5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

  6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

  7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 12, 2023

           **/s/ Denise Carlon, Esquire**
           Denise Carlon, Esquire
           Attorney for Movant

Date:   February 3, 2023

           /s/ Ronald G. McNeil
           Ronald G. McNeil, Esquire
           Attorney for Debtor(s)

           No Objection

Date:   February 9, 2023

           /s/ LeeAne O. Huggins
           Kenneth E. West, Esquire
           Chapter 13 Trustee

Approved by the Court this ____ day of _____, 2023. However, the court retains discretion regarding entry of any further order.

           Bankruptcy Judge
           Magdeline D. Coleman