United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 21-10935-mdc |
| Shawn T. Hamiel | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Feb 16, 2023 | Form ID: pdf900 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 18, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Shawn T. Hamiel, 6001 No. Water Street, Philadelphia, PA 19120-2014 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 18, 2023       Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 16, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| BRIAN CRAIG NICHOLAS | on behalf of Creditor NWL Company LLC bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com |
| DANIEL P. JONES | on behalf of Creditor NWL Company LLC djones@sterneisenberg.com, bkecf@sterneisenberg.com |
| DANIEL P. JONES | on behalf of Creditor Wilmington Savings Fund Society FSB d/b/aChristina Trust, Not in its individualcapacity but solely as the trustee for theBrougham Fund ITrust djones@sterneisenberg.com, bkecf@sterneisenberg.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor NWL Company LLC bkgroup@kmllawgroup.com |
| JONATHAN WILKES CHATHAM | on behalf of Creditor PA Dept of Revenue RA-occbankruptcy7@pa.gov |
| JOSHUA DOMER | on behalf of Creditor CITY OF PHILADELPHIA joshua.domer@phila.gov Edelyne.Jean-Baptiste@Phila.gov |
| KENNETH E. WEST | on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com philaecf@gmail.com |
| KENNETH E. WEST | |

District/off: 0313-2 User: admin Page 2 of 2
Date Rcvd: Feb 16, 2023 Form ID: pdf900 Total Noticed: 1

          ecfemails@ph13trustee.com philaecf@gmail.com

RONALD G. MCNEIL
          on behalf of Debtor Shawn T. Hamiel r.mcneil1@verizon.net

United States Trustee
          USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 10

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Shawn T. Hamiel dba Double SS Trucking Company <br>                    Debtor(s) | CHAPTER 13 |
| NWL Company, LLC <br>                    Movant <br> vs. | NO. 21-10935 MDC |
| Shawn T. Hamiel dba Double SS Trucking Company <br>                    Debtor(s) | 11 U.S.C. Section 362 |
| Sandra T. Lightfoot <br>                    Co-Debtor | |
| Kenneth E. West Esq. <br>                    Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of January 8, 2023, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,551.44.** <u>Post-petition funds received after January 8, 2023, will be applied per the terms of this stipulation as outlined here.</u> The arrearage breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 2022 through January 2023 at $734.55/month |
| Suspense Balance: | ($59.51) |
| **Total Post-Petition Arrears** | **$6,551.44** |

2. Debtor(s) shall cure said arrearages in the following manner;

a). Debtor shall make an immediate tender payment of **$2,800.00** to Movant following the stipulation being filed.

b). Remaining of the arrears of **$3,751.44** to be paid beginning on February 2023 and continuing through May 2023, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$734.55** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges

being assessed after the 15th of the month), plus an installment payment of **$937.86** towards the arrearages on or the 30th or 31st of each month at the address below;

Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381-4609

   c). Maintenance of current monthly mortgage payments to the Movant thereafter.

  3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

  4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

  5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

  6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

  7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 12, 2023

/s/ **Denise Carlon, Esquire**
Denise Carlon, Esquire
Attorney for Movant

Date: February 3, 2023

/s/ Ronald G. McNeil
Ronald G. McNeil, Esquire
Attorney for Debtor(s)

No Objection

Date: February 9, 2023

/s/ LeeAne O. Huggins
Kenneth E. West, Esquire
Chapter 13 Trustee

Approved by the Court this __15th__ day of _____February_____ 2023. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge