**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Shawn T. Hamiel d/b/a Double SS Trucking Company <br> _Debtor(s)_ | CHAPTER 13 |
| NWL Company, LLC <br> _Movant_ <br> vs. | NO. 21-10935 MDC |
| Shawn T. Hamiel d/b/a Double SS Trucking Company <br> _Debtor(s)_ | 11 U.S.C. Section 362 |
| Kenneth E. West <br> _Trustee_ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of January 11, 2024, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,876.41.** Post-petition funds received after January 11, 2024, will be applied per the terms of this stipulation as outlined here. The arrearage breaks down as follows:

   Post-Petition Payments:  June 2023 through August 2023 at $798.49/month; September 2023 through January 2024 at $811.06/month
   Suspense Balance:             ($574.36)
   **Total Post-Petition Arrears        $5,878.41**

2. Debtor(s) shall cure said arrearages in the following manner:

   a). Within seven (7) days of the filing of this stipulation, Debtor shall remit a tender payment of **$1,500.00** to Movant.

   b).  The remaining balance of the arrears of **$4,376.41**, beginning on February 2024 and continuing through July 2024, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$811.06** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$729.41 for  February 2024 through June 2024 and $729.36 for July 2024** towards the arrearages on or before the last day of each month at the address below;

Fay Servicing, LLC
PO Box 814609
Dallas, TX 75381-4609

b).    Maintenance of current monthly mortgage payments to the Movant thereafter.

3.    Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.    In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.    The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.    If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.    If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.    The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.    The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 18, 2024

/s/ **Mark A. Cronin, Esquire**
Mark A. Cronin, Esquire
Attorney for Movant

Date: February 5, 2024 /s/ Ronald G. McNeil
Ronald G. McNeil, Esquire
Attorney for Debtor(s)

No Objection

Date: February 23, 2024 /s/ LeeAne O. Huggins
Kenneth E. West, Esquire
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2024.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline D. Coleman.